HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MAY HUANG,

             Plaintiff,

    v.

SEATTLE PUBLIC LIBRARY,

             Defendant.

CASE NO. C14-1986RAJ

ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS AND GRANTING IN
PART AND DENYING IN PART
PLAINTIFF'S MOTION TO AMEND

## I.   Introduction

This matter comes before the Court upon defendant Seattle Public Library's ("SPL"'s) 12(c) Motion to Dismiss, and Plaintiff May Huang's Cross Motion for Leave to Amend.  Dkts. #27 and #29.  The Court finds oral argument unnecessary to resolve this motion.  For the reasons stated herein, the Court GRANTS SPL's motion.  Plaintiff's cross motion is GRANTED in part and DENIED in part.

## II.   Background

For approximately twenty years, Plaintiff, a Chinese woman who is over the age of 40, was an employee of the Seattle Public Library ("SPL").  *See* Dkts. #11 at 4 and #13 at 5.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING IN PART
AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND - 1

Plaintiff worked as a Library Assistant I ("LA I") until 2004, when she was promoted to work as a Library Assistant II ("LA II").  Dkts. #11 at 2 and #13 at 5.  Plaintiff claims that since 2006 she has repeatedly applied to work as a Library Assistant IV ("LA IV").  Dkt. #11 at 3.  SPL does not deny that, since 2010, Plaintiff applied for more than fifteen open positions at SPL.  Dkt. #13 at 6.  Plaintiff was not promoted to the LA IV position; according to Plaintiff, she has not been able to work for SPL since July 2014.  Dkt. #11 at 5-6.

On December 31, 2014, Plaintiff filed this suit.  Dkt. #1.  Plaintiff brought her action pursuant to Title VII of the Civil Rights Act of 1964.  Dkt. #11 at 2.  In her complaint, Plaintiff alleges, amongst other things, that SPL discriminated against her when it failed to promote her for ten years, treated her unfairly because of her speech and hearing impairments, failed to accommodate her disability, and retaliated against her for filing an employment discrimination charge with the Seattle Office for Civil Rights ("SOCR").  Dkts. #1 at 2 and #11 at 2.  On April 9, 2015, Plaintiff filed an amended complaint.  *See* Dkt. #11.  Plaintiff's complaint and amendment were filed *pro se*.

Prior to filing suit, Plaintiff had filed two charges of discrimination with the SOCR.  Dkt. #28, Exs. B, C, G, and H.  Plaintiff filed her first employment discrimination charge with the SOCR on May 10, 2013.  Dkt. #28, Ex. B at 14.  Plaintiff's May 2013 charge stemmed from SPL's alleged failure to promote Plaintiff to an LA IV position at SPL's Fremont branch.  *Id*. at 13-14.  SPL posted its open LA IV positions in February and March 2013.  Dkt. #28, Ex. D at 21-22.  Plaintiff believed that she was denied the LA IV position because of her race, national origin, age, and disability.  *Id*.  The SOCR sent Plaintiff's employment discrimination charge to the Equal Employment Opportunity Commission ("EEOC") for dual filing purposes on .  *See Id*., Ex. C. at 17.

In September 2013, after investigating Plaintiff's first employment discrimination charge, the SOCR issued its Final Findings of Fact and Determination in favor of SPL. Dkt. #28, Ex. D at 19-24. The SOCR determined that no reasonable cause existed to support a finding that SPL committed an unfair practice when it chose another candidate for the LA IV position. *Id.* at 23-24. Plaintiff appealed the SOCR's determination in October 2013. Dkt. #28, Ex. E at 26. The Seattle Human Rights Commission's Appeals Committee ("Appeals Committee") considered Plaintiff's appeal, and on January 7, 2014 the Appeals Committee concluded that the SOCR's initial investigation of Plaintiff's failure-to-promote charge was inadequate. *Id.* at 31. The SOCR's Findings of Fact and Determination were accordingly remanded and the SOCR was ordered to conduct a more thorough investigation. *Id.*

Plaintiff filed her second employment discrimination charge on October 7, 2013. Dkt. #28, Ex. G. The SOCR sent Plaintiff's second charge to the EEOC for dual filing purposes. *Id.*, Ex. H. at 41. In her second charge, Plaintiff alleged that SPL retaliated against her for filing her May 2013 failure-to-promote charge by issuing her negative performance reviews in April and August 2013. *Id.*, Ex. G at 37-38. On May 9, 2014, the SOCR found no reasonable cause to believe that SPL retaliated against Plaintiff. *Id.*, Ex. I at 47. On October 7, 2014, the EEOC issued Plaintiff a right-to-sue letter. *Id.*, Ex. J at 49. This right to sue letter was issued in connection with Plaintiff's October 2013 retaliation charge. *Id.* On December 31, 2014, within 90 days of receiving her right-to-sue letter, Plaintiff initiated the instant action. *See* Dkt. #1.

In March 2015, the SOCR administratively closed Plaintiff's May 2013 failure-to-promote charge because Plaintiff's suit alleged the same claim. Dkt. #28, Ex. F at 34-35. The SOCR informed Plaintiff that unless she requested EEOC review of SOCR's administrative closure, the EEOC would "generally" adopt the SOCR's action. *Id.* at 34. Plaintiff was not

1   issued a right-to-sue letter for her May 2013 failure-to-promote charge.  Dkt. #29 at 4.  On July

2   15, 2015, Plaintiff was appointed counsel by the Court.  Dkt. #16.

3       Pursuant to Rule 12(c), SPL now seeks to dismiss Plaintiff's complaint.  Dkt. #27.  In

4   response, Plaintiff filed a cross motion seeking leave to amend her complaint for a second time.

5   Dkt. #29.

6                           III.    Legal Standards

7   **A. Motion for Judgment on the Pleadings**

8       As long as trial is not delayed, a party can move for judgment on the pleadings after the

9   pleadings are closed.  Fed. R. Civ. P. 12(c).  Rule 12(c) motions challenge "the legal sufficiency

10  of the opposing party's pleadings."  *Perez v. Wells Fargo and Co.*, 75 F. Supp. 3d 1184, 1187

11  (N.D. Cal. 2014) (internal quotes and citation omitted).  If the moving party can establish, on the

12  face of the pleadings, that no material issue of fact remains unresolved and that it is entitled to

13  judgment as a matter of law, a judgment on the pleadings is proper.  *Hal Roach Studios, Inc. v.*

14  *Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989).  The pleaded facts are

15  viewed in the light most favorable to the non-moving party.  *Perez*, 75 F. Supp. 3d at 1187

16  (citing *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1301 (9th Cir. 1992)).

17      The same standard for granting a Rule 12(b)(6) motion applies to a Rule 12(c) motion for

18  judgment on the pleadings.  *See Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th

19  Cir. 1989).  To survive dismissal, complaints "must contain sufficient factual matter, accepted as

20  true, to 'state a claim to relief that is plausible on its face[.]'"  *Ashcroft v. Iqbal*, 556 U.S. 662,

21  678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Facial plausibility

22  can be established if a plaintiff pleads "factual content that allows the court to draw the

23  reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  If it appears

24  "beyond doubt" that a plaintiff cannot prove a set of facts that would entitle her to relief, the

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING IN PART
AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND - 4

plaintiff's claim will be dismissed.  *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 782-83 (9th Cir. 1996).  A Rule 12(c) motion is converted into a Rule 56 motion for summary judgment where a court looks beyond the pleadings to resolve an issue.  Fed. R. Civ. P. 12(d).

**B. Leave to Amend**

When a motion to dismiss is granted, the Court can grant a party leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  After a party amends their pleading once as a matter of course, further amendments may only be made if the party obtains leave of the court, or if the adverse party consents to the amendment.  Fed. R. Civ. P. 15(a)(2).  Rule 15(a)(2) further advises courts to "freely give leave when justice so requires."  Freely granting leave "when justice so requires," is "to be applied with extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotes omitted).  However, courts may decline to grant leave to amend where the non-moving party can demonstrate the existence of factors set out by the Supreme Court in *Foman v. Davis*.  371 U.S. 178, 182 (1962).  The *Foman* factors include: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]"  *Id*. The consideration of prejudice to the non-moving party carries the most weight when a court decides whether to grant leave to amend.  *Eminence*, 316 F.3d. at 1052.  If the court does not find prejudice or "a strong showing" of the *Foman* factors, "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."  *Id*.

## IV.    Discussion[1]

---

[1] Although both SPL and Plaintiff rely on Plaintiff's employment discrimination charges and other state agency documents to support their positions, the Court will not convert SPL's motion into a Rule 56 motion for summary judgment because these documents are state agency records which the Court may take judicial notice of.  *Minor v.*

1    SPL seeks to dismiss Plaintiff's complaint on three grounds. *See* Dkt. #27 at 1-2. SPL

2    first argues that Plaintiff cannot seek adjudication of her May 2013 failure-to-promote charge

3    because Plaintiff has not exhausted the requisite administrative remedies. *Id.* at 5. SPL

4    likewise contends that Plaintiff's failure to accommodate and hostile work environment

5    harassment claims suffer from the same exhaustion of remedies failure; in any event, SPL

6    argues that these claims are not like, or reasonably related to, either of Plaintiff's employment

7    discrimination charges. *Id.* at 6-8. Finally, SPL argues that the retaliation claim for which

8    Plaintiff was issued a right-to-sue letter must be dismissed because her pleading of that claim is

9    conclusory and does not satisfy the pleading requirements of Rule 8 of the Federal Rules of

10   Civil Procedure. *Id.* at 5.

11           In response, Plaintiff argues that her May 2013 failure-to-promote claim, along with the

12   additional claims raised by her complaint, should not be dismissed because Plaintiff exhausted

13   her administrative remedies adequately. Dkt. #29 at 7-12. As part of her response, Plaintiff

14   filed a cross motion to seek leave to amend her complaint. *Id.* The Court will address each

15   argument in turn.

16   **A. Plaintiff's May 2013 Failure-to-Promote Claim Warrants Dismissal Because Plaintiff Has Not Exhausted Her Administrative Remedies.**

17           The Court agrees that Plaintiff has not demonstrated that she has exhausted her

18   administrative remedies for her May 2013 failure-to-promote claim. Plaintiffs who seek relief

19   under Title VII must file an EEOC employment discrimination charge within 180 days of the

20   alleged unlawful employment practice. *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1103-

21   1104 (9th Cir. 2008) (citing 42 U.S.C. § 2000e-5(e)(1)). The filing deadline may be extended to

22

23

24

---

*FedEx Office and Print Servs., Inc.*, 78 F. Supp. 3d 1021, 1027-28 (N.D. Cal. 2015) (citing *U.S. v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008) ("Judicial notice is appropriate for records and reports of administrative bodies.")).

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND - 6

300 days if the employment discrimination charge is initially filed with a state or local administrative agency that has the authority to grant or seek relief from the discriminatory practice alleged.  42 U.S.C. § 2000e-5(e)(1).  However, if the state or local administrative agency terminates its proceedings, a claimant must file her EEOC discrimination charge within 30 days of receiving notice of the termination of the proceedings.  *Id.*; 29 U.S.C. § 626(d)(1)(B).  If the EEOC decides not to file suit based on a person's charge, it must notify the person that she can file suit on her own behalf.  42 U.S.C. § 2000e-5(f)(1).  Notice of the right to sue is given through an EEOC right-to-sue letter.  *Id.*  A person then has 90 days to file suit upon receipt of this letter.  *Id.*

Although a right-to-sue letter is not a jurisdictional requirement for proceeding in federal court, the requirement of a federal right-to-sue letter nonetheless remains.  *Surrell*, 518 F.3d at 1104-1105; *also Adetuyi v. City and Cnty. of San Francisco*, 63 F. Supp. 3d 1073, 1082 (N.D. Cal. 2014) ("[Plaintiff's] failure to obtain a right-to-sue letter from the EEOC does not bar his case, provided he is able to obtain one before trial.").  However, where a plaintiff is entitled to an EEOC right-to-sue letter (for instance where the EEOC does not timely act upon a properly filed charge), the Ninth Circuit has explained that a plaintiff's federal suit may proceed even if the plaintiff does not obtain this letter.  *Surrell*, 518 F.3d at 1105.  Plaintiffs may become entitled to an EEOC right-to-sue letter if the state agency processing a plaintiff's employment discrimination claims issues the plaintiff a right-to-sue letter.  *Id.*

Notably, a charge initially filed with a state or local administrative agency may be constructively filed with the EEOC if a workshare agreement exists between the two agencies.  *E.E.OC. v. Dinuba Med. Clinic*, 222 F.3d 580, 585 (9th Cir. 2000) (citing *Laquaglia v. Rio Hotel & Casino, Inc.*, 186 F.3d 1172, 1175-76 (9th Cir. 1999)).  Courts can determine when an EEOC charge is filed by examining the language contained in workshare agreements between state

agencies and the EEOC. *Id.* at 585 ("Constructive filing is made possible by 'worksharing agreements,' which designate the EEOC and the state agency each other's agents for the purpose of receiving charges."). Under some workshare agreements, a charge initially filed with a state or local administrative agency may be constructively filed with the EEOC following the 60-day deferral period during which the state or local agency has the exclusive right to investigate the charge. 42 U.S.C. § 2000e-5(c); 29 C.F.R. § 1601.13(b)(1). Constructive filing may occur before the 60-day deferral period if the state agency terminates its proceedings earlier. *Id.* A state may terminate its proceedings earlier if the state agency waives its 60-day deferral period in its workshare agreement with the EEOC. *Laquaglia*, 186 F.3d at 1174-75.

Plaintiff has not obtained an EEOC right-to-sue letter, and she fails to establish that she is entitled to one in the first place. First, and most importantly, Plaintiff has not explained to the Court when she filed her charge with the EEOC. The Court is aware that Plaintiff filed her May 2013 failure-to-promote charge with the SOCR on May 10, 2013. Dkt. #28, Ex. B at 14. The Court is further aware that this charge was at some point sent to the EEOC for dual filing purposes. *See id.*, Ex. C. However, while a workshare agreement between a state agency and the EEOC may result in the constructive filing of an EEOC charge, Plaintiff has not indicated whether there is a workshare agreement between the SOCR and the EEOC. Without knowing whether a workshare agreement exists, the Court cannot determine whether Plaintiff's SOCR charge was constructively filed with the EEOC. The notice indicating that Plaintiff's charge was sent to the EEOC for dual filing purposes is equally unhelpful, as it does not help the Court determine when, if at all, Plaintiff's charge was considered filed with the EEOC. *See* Dkt. #28, Ex. C.

Besides failing to indicate when she filed her charge with the EEOC, Plaintiff also fails to demonstrate that she is entitled to proceed in federal court under the Ninth Circuit's holding in

*Surrell v. California Water Service Co*, 518 F.3d 1097 (9th Cir. 2008).  In *Surrell*, the Ninth Circuit held that plaintiffs may proceed in federal court without an EEOC right-to-sue letter as long as they have obtained a right-to-sue letter from an appropriate state agency.  518 F.3d at 1105.  Plaintiff's situation is easily distinguishable.  On March 29, 2015, the SOCR's investigation of Plaintiff's failure-to-promote charge was administratively closed because Plaintiff filed her complaint in this suit. Dkt. #28, Ex. F at 34-35.  Following its administrative closure, the SOCR did not issue Plaintiff a right-to-sue letter.  *See* Dkt. #29 at 4.  Plaintiff also did not receive notification from the EEOC that it had adopted the SOCR's action, nor did Plaintiff receive a right-to-sue letter from the EEOC.  *Id*.  Although the EEOC's Notice of Charge of Discrimination explained that the EEOC would contact Plaintiff if the SOCR terminated its proceedings before issuing a final finding and order, Plaintiff explains that the EEOC has not contacted her.  *Id*. at 8.  Because the EEOC has not explained whether it intends to adopt the SOCR's decision to administratively close her failure-to-promote charge, the Court cannot determine whether Plaintiff has become entitled to an EEOC right-to-sue letter.  The Court thus agrees that to the extent that Plaintiff's amended complaint raises her May 2013 failure-to-promote charge, this claim is premature and warrants dismissal.

The Court is equally unconvinced that Plaintiff's failure to obtain a right-to-sue letter should be excused on equitable grounds.  Plaintiff argues that her failure to obtain an EEOC right-to-sue letter should be excused because she was confused as to the scope of the EEOC right-to-sue letter she obtained for her EEOC retaliation charge.  *Id*. at 8-9.  However, Plaintiff failed to obtain a right-to-sue letter even after she was appointed counsel in July 2015.  Given these circumstances, Plaintiff's failure to obtain a right-to-sue letter is not excused on equitable grounds.

1    The Court thus GRANTS SPL's motion to dismiss Plaintiff's May 2013 failure-to-

2    promote allegations without prejudice.

3    **B. Plaintiff Cannot Seek Adjudication of her ADA Failure to Accommodate and Hostile**
     **Work Environment Harassment Claims Because They are Not Like or Reasonably**
4    **Related to Her Employment Discrimination Charges.**

5        The Court agrees that to the extent that Plaintiff seeks to assert a cause of action pursuant

6    to the Americans with Disabilities Act ("ADA") for SPL's alleged failure to accommodate and

7    SPL's alleged creation of a hostile work environment, Plaintiff's claims warrant dismissal.

8    Federal courts cannot consider incidents of discrimination that are not included in a Plaintiff's

9    EEOC charge unless those new allegations are "'like or reasonably related to the allegations

10   contained in the [plaintiff's] EEOC charge.'"   *Green v. Los Angeles Cnty. Superintendent of*

11   *Schs.*, 883 F.2d 1472, 1475-76 (9th Cir. 1989) (quoting *Brown v. Puget Sound Elec.*

12   *Apprenticeship & Training Trust*, 732 F.2d 726, 729 (9th Cir. 1984)).   An allegation is like or

13   reasonably related to previous EEOC charge allegations if the prior EEOC charge investigation

14   encompasses the additional allegations.  *Id.* at 1476.  If an actual EEOC investigation of the prior

15   charge was not conducted, an allegation is nonetheless like or reasonably related to a prior EEOC

16   charge if the charge falls within the scope of an "EEOC investigation which can reasonably be

17   expected to grow out of the charge of discrimination."  *Sosa v. Hiraoka*, 920 F.2d 1451, 1456

18   (9th Cir. 1990) (internal quotes omitted).   Allegations may also be reasonably related to

19   allegations included in an EEOC charge "to the extent that those claims are consistent with the

20   plaintiff's original theory of the case."  *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1100 (9th

21   Cir. 2002) (citing *E.E.OC. v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994)).

22       Plaintiff's ADA failure to accommodate and hostile work environment harassment claims

23   are not like or reasonably related to either of Plaintiff's employment discrimination charges.

24   Plaintiff's May 2013 failure-to-promote charge was solely related to SPL's alleged failure to hire

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING IN PART
AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND - 10

Plaintiff for an LA IV position due to her age, disability, national origin, and race.  *See* Dkt. #28, Ex. B at 13-14.  In this charge, Plaintiff solely alleges that she believes she was discriminated against on the bases of age, disability, nationality, and race when SPL did not promote her from her position as an LA II, to the position of LA IV.  Dkt. #28, Ex. B.  At no point in that charge does Plaintiff claim that SPL failed to accommodate her disability, nor does Plaintiff give any indication that she was subjected to a hostile work environment.  *See id*.  Given Plaintiff's May 2013 failure-to-promote charge, the Court does not agree that Plaintiff's ADA failure to accommodate or harassment claims fell within the scope of an EEOC investigation "reasonably expected to grow out of" Plaintiff's May 2013 failure-to-promote discrimination charge.

The Court is equally unpersuaded that the SOCR's actual investigation of Plaintiff's May 2013 failure-to-promote charge encompassed her ADA failure to accommodate and harassment claims.  Plaintiff attempts to convince the Court otherwise by pointing to interview statements taken by the SOCR.  *See* Dkt. #31, Ex. B.  However, these statements do not allege the failure to accommodate or harassment claims Plaintiff now seeks to raise.  *Id*.  Additionally, as explained in section **A.,** Plaintiff has failed to exhaust her administrative remedies with respect to her May 2013 failure-to-promote charge.  Consequently, even if the Court determined that Plaintiff's additional claims fall within the scope of an EEOC investigation reasonably expected to grow out of Plaintiff's May 2013 failure-to-to promote charge, Plaintiff would nonetheless be precluded from seeking adjudication of these claims in federal court.

Plaintiff's second employment discrimination charge, like her failure-to-promote charge, was similarly narrow in scope (alleging one sole instance of retaliation in August 2013) and the SOCR's investigation of this claim did not encompass Plaintiff's additional claims.  *See* Dkt. #28, Ex. I at 43-47.  Plaintiff does not argue to the contrary.  *See* Dkt. #29 at 9-12.

1    Because Plaintiff's ADA failure to accommodate and hostile work environment claims

2    are not like or reasonably related to either of Plaintiff's employment discrimination charges, the

3    Court agrees that Plaintiff has failed to exhaust her administrative remedies with respect to those

4    claims.    The Court thus GRANTS SPL's motion to dismiss Plaintiff's ADA failure to

5    accommodate and hostile work environment harassment claims with prejudice.

6    **C. Plaintiff's Title VII Retaliation Claims Warrant Dismissal.**

7        SPL contends that Plaintiff's Title VII retaliation claims warrant dismissal for two

8    reasons.  First, SPL points out that Plaintiff has only exhausted her administrative remedies for

9    the second employment discrimination charge filed with the SOCR.  Dkt. #33 at 7.  Plaintiff's

10   second employment discrimination charge was filed in October 2013.  Dkt. #28, Ex. G.  In her

11   October 2013 charge, Plaintiff alleged that she was given negative performance reviews in April

12   2013 and August 2013 in retaliation for filing her May 2013 failure-to-promote charge.  *Id.* at

13   37-38.  The SOCR investigated Plaintiff's claims, but did not find reasonable cause to believe

14   that Plaintiff had been retaliated against.  *Id.*, Ex. I.  The SOCR subsequently issued a right-to-

15   sue letter in connection with Plaintiff's October 2013 retaliation claim.  *Id.*, Ex. J.  Because

16   Plaintiff's Amended Complaint does not identify her 2013 performance reviews as the adverse

17   actions taken against her, SPL contends that Plaintiff's Amended Complaint does not contain

18   sufficient factual matter to state a plausible claim for relief.  Dkt. #27 at 10.  SPL further argues

19   that to the extent Plaintiff's retaliation claims are not premised on the adverse action for which

20   Plaintiff was issued a right-to-sue letter, Plaintiff has failed to exhaust her administrative

21   remedies and those additional retaliation claims also warrant dismissal. Dkt. #33 at 7-8.

22       The Court agrees that Plaintiff's Title VII retaliation claims warrant dismissal.  Courts

23   may dismiss a claim for failure to state a claim upon which relief can be granted where there is a

24   "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable

legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  However, documents filed *pro se* must be "liberally construed."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  *Pro se* filings are also held to "'less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).  Although Plaintiff was issued a right-to-sue letter for her October 2013 retaliation charge, her Amended Complaint (which she filed *pro se*) does not identify her 2013 performance reviews as the retaliatory acts taken against her.  Dkt. #11 at 3, 5. Instead, Plaintiff's Amended Complaint alleges that she was retaliated against during the investigation of her May 2013 failure-to-promote charge without identifying the adverse action taken against her.  *Id.* at 5.   Plaintiff's Amended Complaint instead lists one adverse action: the issuance of a written reprimand in May 2014.  *Id.* at 3.   Although Plaintiff argues that it is "plausible" that her written reprimand was issued in retaliation for filing her employment discrimination charges, she fails to demonstrate that she exhausted her Title VII administrative remedies with respect to that adverse action.  Plaintiff also fails to demonstrate that this new allegation of retaliation is like or reasonably related to her October 2013 retaliation charge, and it is unlikely that the SOCR investigation of Plaintiff's October 2013 retaliation charge would have encompassed Plaintiff's May 2014 retaliation charge given that the SOCR's investigation of Plaintiff's October 2013 retaliation charge concluded in May 2014.  *See* Dkt. #28, Ex. I.

Because Plaintiff's complaint does not plead any facts to support the claim that she was retaliated against in 2013, Plaintiff's Title VII retaliation claims warrant dismissal.  However, the Court grants Plaintiff leave to amend her complaint to assert a retaliation claim consistent with the right-to-sue letter she received from the EEOC.  To the extent that Plaintiff's Amended Complaint is premised on acts of retaliation for which she was not issued a right-to-sue letter,

Plaintiff's complaint warrants dismissal with prejudice.  The Court thus GRANTS SPL's motion to dismiss Plaintiff's Title VII retaliation claims.

**D.  Plaintiff's Request for Leave to Amend.**

Plaintiff's cross motion seeks leave to amend her complaint "to more clearly assert claims that she has already adequately pleaded *pro se*."  Dkt. #29 at 14.  Plaintiff specifically seeks to amend her complaint to add the following claims: 1) failure to promote claims under the ADA, ADEA, and Title VII; 2) an ADA failure to accommodate claim; 3) a hostile work environment claim; 4) a claim of retaliation under the ADA; and 5) corresponding state law claims.  *See* Dkt. #31, Ex. A.  SPL contends that granting Plaintiff leave to amend her complaint to assert these causes of action would be futile because Plaintiff has not exhausted her administrative remedies with respect to those claims.  Dkt. #33 at 8-10.  However, SPL is not opposed to allowing Plaintiff to amend her complaint to add a claim under 42 U.S.C. § 1981.  *Id.* at 2.

The Court agrees that Plaintiff failed to exhaust her administrative remedies with respect to her ADA failure to accommodate claim, her hostile work environment claim, and her ADA retaliation claim.  A proposed amendment is considered futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim[.]" *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  SPL has demonstrated that it would be futile for Plaintiff to amend her complaint to add these additional claims because Plaintiff failed to exhaust her administrative remedies with respect to those claims. Additionally, as explained in sections **B.** and **C.,** Plaintiff has also failed to demonstrate that an investigation of either of her employment discrimination charges would have encompassed these additional claims, and the Court does not agree that Plaintiff's additional claims are consistent with the original theories of discrimination presented in Plaintiff's employment discrimination

1  charges.  The Court thus DENIES Plaintiff's cross motion for leave to amend her complaint to

2  add her ADA failure to accommodate claim, her hostile work environment claim, and her ADA

3  retaliation claim.

4       Because Plaintiff has not exhausted her administrative remedies with respect to her May

5  2013 failure-to-promote claim, the Court also DENIES Plaintiff's cross motion for leave to

6  amend her complaint to add the ADA and the ADEA as additional bases of discrimination for

7  her May 2013 failure-to-promote claim.

8       However, Plaintiff is GRANTED leave to amend her complaint to list an employment

9  discrimination charge under 42 U.S.C. § 1981.  Additionally, because Plaintiff filed a pre-suit

10 claim with the City of Seattle in January 2016, Plaintiff is also GRANTED leave to amend her

11 complaint to add her proposed state law claims.  RCW 4.96.020(2).

12      Plaintiff's Cross Motion to Amend is accordingly GRANTED in part and DENIED in
   part.

13                           **V.    Conclusion**

14      For the reasons stated above, the Court GRANTS SPL's motion for judgment on the

15 pleadings and GRANTS in part and DENIES in part Plaintiff's cross motion to amend her

16 complaint.  Plaintiff is granted leave to amend her complaint to include an employment

17 discrimination charge under 42 U.S.C. § 1981, as well as leave to amend her complaint to add

18 her proposed state law claims within twenty-one (21) days of entry of this Order.

19      DATED this 21st day of June, 2016.

20

21

22      *Richard A Jones*

23      The Honorable Richard A. Jones
        United States District Judge

24

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING IN PART
AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND - 15